## MEMORANDUM AND ORDER

**Willis E. MEYER, Plaintiff,**

v.

**Louis SULLIVAN, Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 89–1288–T.**

United States District Court,
D. Kansas.

May 20, 1992.

THEIS, District Judge.

This matter is before the court on the plaintiff's application for attorney's fees under the Equal Access to Justice Act (Doc. 19). Plaintiff requests a total fee in the amount of $880.00 (11.75 hours × $75.00 per hour). The Secretary has filed an opposition to the application for attorney fees.

Plaintiff applied for Supplemental Security Income (SSI) benefits on December 8, 1987. Plaintiff was denied benefits initially and upon reconsideration. An administrative law judge (ALJ) conducted a hearing and issued a decision denying benefits.

The Appeals Council of the Social Security Administration denied plaintiff's request for review. Plaintiff then filed a timely appeal in this court. After plaintiff filed his motion for an order reversing the decision of the Secretary, the Secretary filed a motion to remand. The court granted the Secretary's motion to remand in an order dated August 14, 1990. On remand, the Secretary found plaintiff to be disabled and entitled to SSI benefits. The court dismissed the action. Plaintiff timely filed his application for attorney fees.

■ Plaintiff requests attorney fees pursuant to 28 U.S.C. § 2412(d). Under that provision of the Equal Access to Justice Act,

> a court shall award to a prevailing party other than the United States fees and other expenses, ... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The "position of the United States" is defined as:

> in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based; except that fees and expenses may not be awarded to a party for any portion of the litigation in which the party has unreasonably protracted the proceedings.

*Id.* § 2412(d)(2)(D).

■ The determination of whether the government's position was substantially justified lies within the trial court's discretion. *See Pierce v. Underwood*, 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). The term "substantially justified" means " 'justified in substance or in the main'— that is, justified to a degree that could satisfy a reasonable person." *Id.* at 565, 108 S.Ct. at 2550. A position is substantially justified, even though incorrect, "if a reasonable person would think it correct, that is, if it has a reasonable basis in law and fact." *Id.* at 566 n. 2, 108 S.Ct. at 2550 n. 2.

The court has considered the administrative record as well as the pleadings filed in this matter. The court grants the requested fees for the reasons set forth in plaintiff's memorandum in support of the EAJA application (Doc. 20) and plaintiff's memorandum in support of his motion for an order reversing the decision of the Secretary (Doc. 12). A review of the administrative record indicates that the Secretary's original position prior to remand was not substantially justified.

The court file reflects that no fee was obtained from the client, since no attorney's fee may be withheld from past-due SSI benefits.

IT IS BY THE COURT THEREFORE ORDERED that plaintiff's application for attorney's fees under the Equal Access to Justice Act (Doc. 19) is hereby granted. Plaintiff's counsel is hereby awarded fees in the amount of $880.00.